UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HEATHER LYNN COOK,

    Plaintiff,
v.                                    Case No. 8:11-cv-1488-T-33EAJ

MILLERCOORS, LLC, ET AL.,

    Defendants.
_____/

**ORDER**

    This matter comes before the Court pursuant to Defendant MillerCoors LLC's Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 47), filed on December 28, 2011. Plaintiff Heather Lynn Cook filed an Opposition to the Motion (Doc. # 50) on January 23, 2012. The Court held a hearing on April 25, 2012, and deferred ruling on the Motion. (Doc. # 61). For the reasons that follow, the Court grants the Motion.

**I.   Background**

    Cook seeks compensatory and punitive damages against MillerCoors for injuries she sustained in a motorcycle accident on July 18, 2008. (Doc. # 43). John Prado, operator of the motorcycle, had consumed several containers of Sparks, an alcoholic energy drink, prior to the crash. (Id. at ¶ 2). Mr. Prado was killed in the accident. Cook contends that MillerCoors, the manufacturer of Sparks, should be held liable

for her injuries. She alleges that Sparks is qualitatively different from "conventional" alcoholic beverages because of its stimulant ingredients, and MillerCoors knew or should have known of its potentially harmful effects.

Cook's original Complaint asserted three counts against MillerCoors: failure to warn (Count I), design defect (Count II) and negligent manufacture (Count III). (Doc. # 3). She argued that alcoholic energy drinks such as Sparks are "uniquely dangerous" because they appeal to younger drinkers and because the addition of caffeine enables one to drink more alcohol without feeling as intoxicated as one normally would. (Id. at ¶ 6). Despite this perception, however, the stimulants do not reduce alcohol's negative effects on motor skills and visual reaction times. (Id. at ¶ 9).

This Court dismissed Counts I and II without prejudice and Count III with prejudice on October 28, 2011. (Doc. # 39). The Court found that Cook had not established a duty to warn because "the dangers inherent in alcohol consumption are well known to the public." Bruner v. Anheuser-Busch, Inc., 153 F. Supp. 2d 1358, 1360 (S.D. Fla. 2001); see also Robinson v. Anheuser-Busch, Inc., No. Civ.A.-00-D-300-N, 2000 WL 35432556, at *2 (M.D. Ala. Aug. 1, 2000) ("[C]ourts have usually found that alcohol manufacturers and retailers do not have a duty to

-2-

warn consumers about the risks posed by the excessive use, or prolonged use of alcohol because those risks are common knowledge."); Victory over Addiction Int'l, Inc. v. Am. Brands, Inc., No. 97-14489-Civ-Ryskamp, 1998 U.S. Dist. Lexis 23542, at *8 (S.D. Fla. Feb. 4, 1998) (finding no duty to warn because of the "universal recognition of all potential dangers associated with alcohol."). Similarly, the Court found that Cook's design defect claim failed because alcoholic beverages are "not considered unreasonably dangerous" under Florida law. Bruner, 153 F. Supp. 2d at 1360.

This Court dismissed Cook's negligent manufacture claim with prejudice because she failed to establish a duty and because "voluntary drinking of alcohol is the proximate cause of an injury, rather than the manufacture or sale of those intoxicating beverages to that person." Id. at 1361. Furthermore, § 768.125 of the Florida Statutes limits liability for the sale of alcoholic beverages with express exceptions for two specific classes of persons--minors and alcoholics. Ellis v. N.G.N. of Tampa, Inc., 586 So. 2d 1042, 1047 (Fla. 1991).

In her original Complaint, Cook alleged that "[t]he United States Food and Drug Administration does not recognize any of the stimulants and other non-traditional ingredients [in Sparks] as Generally Recognized as Safe (GRAS) for use in

-3-

alcoholic beverages." (Doc. # 3 at ¶ 7). However, Cook failed to establish a correlation between the lack of FDA recognition of the additives and the safety of the product. Furthermore, the Court did not consider new allegations that Sparks was unlawfully marketed "without approval from the FDA." (Doc. # 26 at 16). The Court granted Cook leave to amend the pleadings to flesh out those allegations.

In her Amended Complaint filed on November 28, 2011, Cook reasserts claims for design defect (Count I) and failure to warn (Count II) against MillerCoors. (Doc. # 43). MillerCoors moves to dismiss, arguing that Cook "has repackaged the same facts from her initial Complaint to attempt to evade the firmly established precedent cited in the Court's October 28, 2011, decision." (Doc. # 47 at 1).

## II. **Legal Standard**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff. See United Techs. Corp. v. Mazer, 556 F.3d 1260, 1269 (11th Cir. 2009). While such factual allegations need not be detailed, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

-4-


Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted).

"To survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (internal quotations and citations omitted). A plausible claim for relief must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

In this diversity case, the Court applies Florida substantive law unless federal constitutional or statutory law compels a contrary result. Tech. Coating Apps., Inc. v. U.S. Fid. & Guar. Co., 157 F.3d 843, 844 (11th Cir. 1998). Furthermore, this Court must apply Florida law in the same manner as would the Florida Supreme Court. Brown v. Nichols, 8 F.3d 770, 773 (11th Cir. 1993).

### III. Analysis

As discussed above, courts have generally held that purveyors of alcoholic beverages are not liable for injuries resulting from alcohol consumption. Cook asks this Court to deviate from this body of case law and pioneer new legal

territory because Sparks is qualitatively different from "conventional" alcoholic beverages. The Court declines to do so.

### A. Design Defect

Cook alleges that her injuries were the result of MillerCoors's defective design of Sparks. (Doc. # 43 at ¶ 18). "A product is defective when it 'is, at the time it leaves the seller's hands, in a condition not contemplated by the ultimate consumer, but which will be unreasonably dangerous to him.'" Bruner, 153 F. Supp. 2d at 1360 (quoting Rest. 2d Torts § 402A Cmt. g). The objective viewpoint of the general public forms the basis for determining whether a design is defective. Jennings v. BIC Corp., 181 F.3d 1250, 1255 (11th Cir. 1999). Alcoholic beverages are "not considered unreasonably dangerous as defined by the Restatement (Second) of Torts" because the dangers associated with alcohol are well known. Bruner, 153 F. Supp. 2d at 1360-61.

Cook asserts that the risks associated with Sparks "are not common knowledge to youthful drinkers having experience with conventional alcoholic beverages." (Doc. # 43 at ¶ 16(d)). Her Amended Complaint eliminates much of her prior discussion as to Mr. Prado's intoxication and his lack of awareness of his impairment. Instead, she focuses on "the special risks posed to youth by drinks like Sparks, and

particularly the risks of excessive drinking without appreciation for the resulting impairment in physical and mental capabilities." (Id.). She supports these allegations with references to scientific research and efforts by state attorneys general to remove alcoholic energy drinks from the market because they can "lead to binge drinking, unsafe driving, and other risky behaviors" among youth. (Id. at ¶ 10-12). Cook asserts that science establishes an "objective" standard because the dangers of alcoholic energy drinks are "not peculiar to any individual." (Doc. # 50 at 6).

This Court is not convinced that "the special risks posed to youth" make Sparks unreasonably dangerous from the perspective of the general public. More significantly, Cook's argument overlooks an important point: the alleged "special risks" manifest themselves only if the consumer chooses to drink in excess. The case law recognizes that anyone who drinks alcohol may become impaired and may not be able to discern his or her impairment. That does not make alcoholic beverages unreasonably dangerous or absolve the drinker of responsibility. The court in Brown Forman Corp. v. Brune, 893 S.W.2d 640, 645 (Tex. App. 1995), summed it up this way:

> The common law has long recognized that the alcoholic beverage drinker maintains the ultimate power and thus the obligation to control his own drinking behavior. We believe that the common law

>           should remain focused on the drinker as the person primarily responsible for his behavior.

Id. (citation omitted). In other words, any adult who drinks alcohol must do so with the knowledge that impairment, injury or even death may occur.[1] Thus, in accordance with well-established precedent, this Court concludes that Sparks is not unreasonably dangerous.

Even assuming, *arguendo*, that Sparks could be considered unreasonably dangerous, Cook's design defect claim fails. To sustain a defective product claim, a plaintiff must show not only that the product was unreasonably dangerous but "that it caused the injuries of which the Plaintiff complains." Barrow v. Bristol-Myers Squibb, No. 96-689-CIV-ORL-19B, 1998 WL 812318, at * 27 (M.D. Fla. Oct. 29, 1998). Under Florida law, "voluntary drinking of alcohol is the proximate cause of an injury, rather than the manufacture or sale of those intoxicating beverages to that person." Bruner, 153 F. Supp. 2d at 1361; accord Reed v. Black Caesar's Forge Gourmet Rest., Inc., 165 So. 2d 787, 788 (Fla. 3d DCA 1964).

---

[1] Brown Forman involved the death of a college freshman after she consumed a large quantity of tequila in a short period of time, presumably without recognizing the risks of such behavior. The court engaged in a thoughtful discussion of the policy issues and moral implications involved but nonetheless found that the manufacturer of the tequila owed no legal duty to the student. 893 S.W.2d at 646-58.

Section 768.125, Florida Statutes, absolves purveyors of alcohol from liability, with exceptions for sales to minors and alcoholics, based upon the common law theory that the sale of the beverage is not the proximate cause of any harm related to its consumption. Cook argues that § 768.125 does not apply because it "does not address the liability of the *manufacturers* of alcoholic products" and "was not intended to provide immunity to a manufacturer of an unlawful alcoholic drink."[2] (Doc. # 50 at 7).

Section 768.125 states that "a person who sells or furnishes alcoholic beverages to a person of lawful drinking age shall not thereby become liable for injury or damage caused by or resulting from the intoxication of such person." Nothing in that language explicitly excludes manufacturers of alcoholic beverages, unlawful or otherwise. But in any event, the applicability of § 768.125 is strictly an academic question. The Florida Supreme Court has explained that § 768.125 "effectively codified the original common law rule absolving vendors from liability" for the sale of alcohol. Ellis, 586 So. 2d at 1046.

Cook rightly directs this Court to "interpret Florida law as it anticipates the Florida Supreme Court would." (Doc. # 50

---

[2] Cook's allegations as to the "unlawfulness" of Sparks are discussed below.

at 9). Ellis provides this Court with a roadmap to follow. The Florida Supreme Court explained that it modified the common law rule in its 1963 decision in Davis v. Shiappacossee, 155 So. 2d 365 (Fla. 1963). This launched a judicial trend extending liability to vendors of alcoholic beverages. In response, the Florida Legislature enacted § 768.125 in 1980, effectively reviving and codifying the original common law rule absolving vendors from liability. Ellis, 586 So. 2d at 1045-46.

Whether this Court applies § 768.125 or the common law, the result is the same: the proximate cause of an alcohol-related injury is the consumption of the intoxicating beverage not the sale of the beverage.[3] Id. at 1044. Thus, Cook's design defect claim fails and Count I must be dismissed.

**B.  Failure to Warn**

Cook asserts that "MillerCoors knew or should have known of the special risks posed to youthful drinkers of alcoholic energy drinks like Sparks, especially in light of the emerging scientific knowledge of those risks." (Doc. # 43 at ¶ 22). "Despite actual or constructive knowledge of the risks posed

---

[3] Once again, Cook appears to misconstrue Ellis, taking out of context a quote from the Florida Supreme Court's historical discussion. Cook argues that § 768.125 (and, by extension, Ellis) abrogated the common law, and that Davis is still good law "in situations not governed by section 768.125." (Doc. # 50 at 8). Neither assertion is accurate.

-10-

by Sparks, MillerCoors failed to warn of those risks and actively minimized those risks through its advertising of Sparks." (Id. at ¶ 22).

A manufacturer's duty to warn arises when there is a need to inform consumers of dangers of which they are unaware. Robinson, 2000 WL 35432556, at *2.

> Generally, however, a manufacturer does not have a duty to warn consumers of dangers which are obvious or commonly known. . . . Because the dangers associated with alcohol consumption are very well known, courts have usually found that alcohol manufacturers and retailers do not have a duty to warn consumers about the risks posed by the excessive use, or prolonged use of alcohol because those risks are common knowledge.

Id. "The standard for common knowledge is the overall knowledge common to the community that is a basis for determining a duty to warn, not what individual users may or may not know." Brown Forman, 893 S.W. 2d at 646-47.

Cook asserts that scientific evidence supports her theory that the dangers of Sparks are not well-known. (Doc. # 50 at 5). As explained above, however, the Court finds that those dangers manifest themselves when the product is consumed in excess, and there is no duty to warn in that circumstance:

> Alcoholic beverages are dangerous products. Many human tragedies can be traced to an individual's use of alcohol. Nevertheless, this country has made a political decision to allow alcoholic beverages to be sold in the marketplace. . . . While alcohol is accepted as a dangerous product, . . . manufacturers of alcoholic beverages are not

-11-

> required to warn about the dangers of its product when "consumed in excessive quantity."

Brown Forman, 893 S.W. 2d at 646. The Court remains unconvinced that the alleged "special risks" of Sparks alter this analysis.

Furthermore, "[a]lthough persons engaging in the consumption of alcoholic beverages may not be able to ascertain precisely when the concentration of alcohol in their blood, breath or urine reaches the proscribed level, they should in the exercise of reasonable intelligence, understand what type of conduct places them in jeopardy of violating the [law]." MaGuire v. Pabst Brewing Co., 387 N.W.2d 565, 570 (Iowa 1986). "[T]he degree of intoxication to be expected from any particular brand of beer does not require a duty to warn, or give rise to a fact question." Malek v. Miller Brewing Co., 749 S.W. 2d 521, 524 (Tex. App. 1988). Accordingly, the Court finds that MillerCoors owed no duty to warn against the known risks of consuming alcohol, even to excess.

Cook alleges in her Amended Complaint that MillerCoors "lacked lawful authority" to market Sparks. (Doc. # 43 at ¶ 9). "Under the Federal Food, Drug, and Cosmetic Act, introduction of an additive like caffeine or guarana into an alcoholic beverage is deemed 'unsafe' and unlawful unless (a) its particular use is approved by the FDA, (b) the additive

-12-

has received a 'prior sanction,' or (c) the additive is 'generally recognized as safe' by the agency." (Id. at ¶ 8). Cook argues that none of those prerequisites was satisfied as to Sparks, therefore Sparks is unlawful because it is "adulterated." (Doc. # 50 at 2).

MillerCoors challenges Cook's assertion that Sparks was "unlawful," but in any event Cook's allegations regarding FDA action cannot buttress her claims; no private right of action exists under the Food, Drug and Cosmetic Act (FDCA). Where "the substance of [a plaintiff's] claims seek to assert a private right of action under the FDCA, they must be dismissed." Loreto v. Procter & Gamble, 737 F. Supp. 2d 909, 921 (citation omitted). "[I]f a defendant's conduct would not expose it to liability but for the FDCA then the plaintiff is effectively suing for a violation of the FDCA (no matter how the plaintiff labels the claim)." McGraw v. Johnson & Johnson, 226 W. Va. 677, 687 (W. Va. 2010) (internal quotation and citation omitted). Thus, Cook's allegations regarding the FDCA are of no moment.

After MillerCoors filed its Motion to Dismiss, the Southern District of California found, under very different circumstances, that the manufacturer of an alcoholic energy drink had a duty to warn as to its health effects. Cuevas v. United Brands Co., Inc., 2012 WL 760403 (S.D. Cal. Mar. 8,

-13-

2012). Although Cuevas is not binding on this Court, a brief discussion is warranted.

The plaintiff brought suit against the manufacturer of "Joose," alleging that the defendant engaged in deceptive business practices in connection with the marketing of Joose. Joose was the subject of an FDA letter warning the manufacturer that caffeine was an unsafe food additive; therefore, the product was considered adulterated. Id. at *1.

The plaintiff alleged that nothing in the packaging, labeling, advertising or sale of Joose "adequately disclosed the amount of caffeine . . . or the risks associated with caffeine as used" in Joose. Id. She alleged that she was deceived into purchasing Joose and suffered economic injury because it had less value than what she paid for it. Id. She asserted claims for violation of various California unfair competition and consumer protection laws, as well as breach of express and implied warranties. Id. at *2.

Cuevas is distinguishable from the instant case in that it was brought under various consumer protection statutes and warranty theories and focused on the sale of Joose rather than its consumption. Furthermore, the holding in Cuevas does not alter this Court's analysis. The Cuevas court noted that the warnings required by the Alcoholic Beverage Labeling Act (ABLA), 27 U.S.C. § 216, refer to "health risks associated

-14-

with consuming or abusing alcohol--e.g., statements regarding the risk of intoxication, loss of motor ability, deterioration of judgment, or heightened risk of certain forms of cancer or other disease." Id. at *2. The court found that any additional warning on Joose "would not even have to reiterate or discuss what adverse health effects alcoholic beverages have."[4] Id. at *3. Those effects, as described in the familiar Government Warning required by ABLA, are well-known.

Accepting the allegations in the Amended Complaint as true, the Court finds that MillerCoors had no duty to warn Mr. Prado of the well-known risks of consuming alcohol and operating a motor vehicle. Therefore, the Court dismisses Cook's failure to warn claim.

IV. **Conclusion**

The common law rule limiting the liability of purveyors of alcohol dates back to time immemorial. Decades of case law establish that alcoholic beverages are not unreasonably dangerous and that Mr. Prado's consumption of alcohol was the proximate cause of Cook's injuries. Furthermore, Florida law

---

[4] The plaintiff in Cuevas sought a warning on containers of Joose as well as in advertising. Cook's claims relate only to the marketing of Sparks. The court noted that the plaintiff could not sustain her claim regarding marketing because she did not allege what advertising she had seen. Id. at *4 n.3. Cook similarly has alleged no specifics regarding any marketing Mr. Prado may have seen with regard to Sparks.

-15-

dictates that manufacturers have no duty to warn of the well-known effects of alcohol. The Court is not persuaded to deviate from this well-established precedent with regard to Sparks. The Court therefore grants MillerCoors's Motion to Dismiss.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant MillerCoors LLC's Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 47) is **GRANTED**. This case is dismissed with prejudice. The Clerk is directed to enter judgment in favor of MillerCoors and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 25th day of May, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record